# EXHIBIT A

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO. 15-014189-NO Hon. Daphne Means Curtis |
|---|---|---|

2 Woodward Ave., Detroit MI 48226

Court Telephone No. 313-224-2240

| Plaintiff Walsh, Edward Thomas | v | Defendant Wilsher, Craig | *mailed personally signed/served for certified receipt 11/5/2015* |
|---|---|---|---|
| **Plaintiff's Attorney** KYLE JAMES BRISTOW, P-77200 6053 CHASE RD DEARBORN, MI 48126 | | **Defendant's Attorney** | |

**SUMMONS**  **NOTICE TO THE DEFENDANT:**  In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons **to file a written answer with the court** and serve a copy on the other party or take other lawful action **with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued 11/2/2015 | This summons expires 2/1/2016 | Court clerk File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT**  *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☒ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.

☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) Canton, Wayne County, MI | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted Canton, Wayne County, MI | |

Date 11/2/15    Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | PROOF OF SERVICE | CASE NO. 15-014189-NO |
|---|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

       List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of me information, knowledge and belief.

| Service fee $ | Miles traveled $ | Mileage fee $ | Total fee $ | Signature _____ |
|---|---|---|---|---|

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                 Date

My commission expires: _____ Signature: _____
               Date                         Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                  Attachments

_____ on _____
                                              Day, date, time

_____ on behalf of _____
Signature

db

## STATE OF MICHIGAN
### IN THE THIRD JUDICIAL CIRCUIT COURT FOR WAYNE COUNTY
### CIVIL DIVISION

**EDWARD THOMAS WALSH,**

      Plaintiff,

    v.

**EDWARD JAGST,**
In his official and personal capacities,

    and

**JESSICA NUOTTILA,**
In her official and personal capacities,

    and

**CRAIG WILSHER,**
In his official and personal capacities,

    and

**DARREN KOSSICK,**
In his official and personal capacities,

    Defendants.

Case No. 15 -        - NO

Hon.

15-014189-NO
FILED IN MY OFFICE
WAYNE COUNTY CLERK
11/2/2015 1:07:39 PM
CATHY M. GARRETT

There is no other pending or resolved civil action arising
out of the transaction or occurrence alleged in the complaint.

**FARHAT & ASSOCIATES, PLLC**
By: Kyle James Bristow (P77200)
Helal A. Farhat (P64872)
6053 Chase Rd.
Dearborn, MI 48126
(P): (313) 945-5100
(F): (313) 945-5716
(E): jbristow@saflegal.com
(E): hfarhat@saflegal.com
*Attorneys for Edward Thomas Walsh*

---

## PLAINTIFF'S VERIFIED COMPLAINT
## (JURY DEMAND ENDORSED HEREON)

---

NOW COMES Edward Thomas Walsh ("Plaintiff"), by and through his attorneys of Farhat & Associates, PLLC, and hereby propounds upon Jessica Nuottila ("Nuottila"), Edward Jagst ("Jagst"), Craig Wilsher ("Wilsher"), and Darren Kossick ("Kossick") (collectively "Defendants") and this Honorable Court Plaintiff's Verified Complaint:

## I. INTRODUCTION

1. Plaintiff sues Defendants—by invoking 42 U.S.C. § 1983—for Defendants having wantonly violated Plaintiff's constitutional right to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

## II. PARTIES

2. Plaintiff is a natural person, a citizen by birth of the United States of America, and a domiciliary of the State of Michigan who resides at the address commonly known as 7333 Iron Gate Drive, Canton, MI 48187.

3. Charter Township of Canton Police Department ("Canton Police") serves as the law enforcement agency of the Charter Township of Canton, Wayne County, State of Michigan. It is located at the address commonly known as 1150 S. Canton Center Rd., Canton, MI 48188.

4. Nuottila is a law enforcement officer of Canton Police and is sued in her personal and official capacities.

5. Jagst is a law enforcement officer of Canton Police and is sued in his personal and official capacities.

6. Wilsher is a law enforcement officer of Canton Police and is sued in his personal and official capacities.

7. Kossick is a law enforcement officer of Canton Police and is sued in his personal and official capacities.

### III. JURISDICTION AND VENUE

8. This Court enjoys subject matter jurisdiction over the instant civil action because the controversy involves a dispute of over twenty-five thousand dollars ($25,000.00). Const 1963, art VI, § 13; MCL 600.605; MCL 600.8301(1).

9. This Court enjoys personal jurisdiction over Defendants because Defendants are now and will be domiciled in the State of Michigan when they are served with process. MCL 600.701(2). Furthermore, Defendants did and caused an act to be done in the State of Michigan resulting in the actions for tort alleged herein. MCL 600.705(2).

10. Venue is proper with this Court for the instant civil action because Plaintiff resides in Wayne County, State of Michigan, and Plaintiff's original injury occurred in Wayne County, State of Michigan. MCL 600.1629(1)(b).

3

11. Although the instant civil action involves claims made via federal statutory law—42 U.S.C. § 1983—, this Court enjoys concurrent jurisdiction with federal courts to resolve the claims made herein. *Haywood v. Drown*, 556 U.S. 729, 734–735 (2009); *Nat'l Private Truck Council, Inc. v. Okla. Tax Comm'n*, 515 U.S. 582, 588–589 (1995); *Howlett v. Rose*, 496 U.S. 356, 375 (1990); *Felder v. Casey*, 487 U.S. 131, 139 (1988); *Ark. Writers' Project v. Ragland*, 481 U.S. 221, 234 (1987); *Patsy v. Bd. of Regents*, 457 U.S. 496, 506–507 (1982).

12. The applicable statute of limitations for the claims raised herein is three (3) years from the date of occurrence, which has not yet run. *Citizens for Pre-Trial Justice v Goldfarb*, 88 Mich App 519; 278 NW2d 653 (1979); *Searcy v County of Oakland*, 735 F.Supp.2d 759, 765 (ED Mich 2010); *McCune v City of Grand Rapids*, 842 F.2d 903 (6 CA 1988).

## IV. STATEMENT OF FACTS

13. Plaintiff is guaranteed the federal right to be free from unreasonable searches and seizures pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

14. At all times relevant to this Complaint, Defendants acted under the color of state law by acting as law enforcement agents of Canton Police.

15. On or about January 9, 2013, Defendants entered the home residence of Plaintiff at 7333 Iron Gate Dr., Canton, MI 48187, without a warrant, exigent circumstances, or with the express or implied permission of Plaintiff. (Exhibit A – Police Report).

16. Upon entering Plaintiff's dwelling, Defendants shot Plaintiff without Plaintiff's express or implied permission or with justification no less than three (3) times with a Taser—which is a conducted electrical weapon—, which directly and proximately caused Plaintiff to suffer physical and emotional injuries. (Exhibit B – Photographs of Taser Injuries)

17. Before shooting Plaintiff with Tasers, however, Defendants, without Plaintiff's express or implied permission or with justification, violently struck Plaintiff's head, which directly and proximately caused Plaintiff to suffer physical and emotional injuries. (Exhibit C – Photographs of Head Injuries).

18. After violently striking Plaintiff's head and shooting Plaintiff with Tasers, Defendants took Plaintiff into physical custody without a warrant or probable cause or Plaintiff's express or implied permission, which directly and proximately caused Plaintiff to suffer physical and emotional injuries.

19. Defendants acted with actual malice and with a wanton disregard as to Plaintiff's rights as a citizen of the United States of America and dignity as a human being, and the imposition of punitive damages against Defendants is just and proper.

20. Plaintiff has suffered mental anguish and an invasion of his federally-protected constitutional rights.

## V. CAUSES OF ACTION

### COUNT I
### DEFENDANTS VIOLATED PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCHES
### 42 U.S.C. § 1983

21. The foregoing paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

22. Plaintiff is guaranteed the right to be free from unreasonable searches pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

23. Defendants violated Plaintiff's right to be free from unreasonable searches when Defendants entered Plaintiff's residence without a warrant, exigent circumstances, or Plaintiff's express or implied permission.

24. Defendants acted under the color of state law when Defendants entered Plaintiff's residence.

25. Due directly and proximately to Defendants having violated Plaintiff's right to be free from unreasonable searches, Plaintiff has suffered injuries.

WHEREFORE, Plaintiff prays that this Honorable Court will enter judgment in Plaintiff's favor against Defendants, jointly and severally, by awarding Plaintiff: (1) a money judgment in excess of twenty-five thousand dollars ($25,000.00) in an amount that the Court deems just and proper for general and punitive damages, (2) the reasonable attorney's fees and costs incurred by Plaintiff to prosecute the instant civil action pursuant to 42 U.S.C. § 1988(b), and (3) any and all further relief that should be awarded by law or equity.

## COUNT II
## DEFENDANTS VIOLATED PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEIZURES
### 42 U.S.C. § 1983

26. The foregoing paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

27. Plaintiff is guaranteed the right to be free from unreasonable seizures pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

28. Defendants violated Plaintiff's right to be free from unreasonable seizures when Defendants shot Plaintiff with Tasers, struck Plaintiff's head, and took Plaintiff into custody without a warrant or probable cause or Plaintiff's express or implied permission.

29. Defendants acted under the color of state law when Defendants shot Plaintiff with Tasers, struck Plaintiff's head, and took Plaintiff into custody.

30. Due directly and proximately to Defendants having violated Plaintiff's right to be free from unreasonable seizures, Plaintiff has suffered injuries.

WHEREFORE, Plaintiff prays that this Honorable Court will enter judgment in Plaintiff's favor against Defendants, jointly and severally, by awarding Plaintiff: (1) a money judgment in excess of twenty-five thousand dollars ($25,000.00) in an amount that the Court deems just and proper for general and punitive damages, (2) the reasonable attorney's fees and costs incurred by Plaintiff to prosecute the instant civil action pursuant to 42 U.S.C. § 1988(b), and (3) any and all further relief that should be awarded by law or equity.

### COUNT III
### DEFENDANTS ENGAGED IN A CONCERT OF ACTION TO VIOLATE PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES
### 42 U.S.C. § 1983

31. The foregoing paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

32. Defendants acted tortiously by violating Plaintiff's right to be free from unreasonable searches and seizures.

33. Defendants acted pursuant to a common design to violate Plaintiff's right to be free from unreasonable searches and seizures.

34. Due directly and proximately to Defendants acting pursuant to a common design to tortiously violate Plaintiff's right to be free from unreasonable searches and seizures, Plaintiff has suffer damages.

35. Defendants engaged in an unlawful concert of action.

WHEREFORE, Plaintiff prays that this Honorable Court will enter judgment in Plaintiff's favor against Defendants, jointly and severally, by awarding Plaintiff: (1) a money judgment in excess of twenty-five thousand dollars ($25,000.00) in an amount that the Court deems just and proper for general and punitive damages, (2) the reasonable attorney's fees and costs incurred by

Plaintiff to prosecute the instant civil action pursuant to 42 U.S.C. § 1988(b), and (3) any and all

further relief that should be awarded by law or equity.

## COUNT IV
### DEFENDANTS ENGAGED IN A CIVIL CONSPIRACY IN VIOLATING PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES
### 42 U.S.C. § 1983

36. The foregoing paragraphs of this Complaint are incorporated by reference as if fully set

forth herein.

37. Defendants constitute two or more natural persons.

38. Defendants engaged in a concerted action to tortiously violate Plaintiff's right to be free

from unreasonable searches and seizures.

39. Defendants' concerted action against Plaintiff was designed to accomplish an unlawful

purpose.

40. Defendants engaged in an unlawful civil conspiracy.

WHEREFORE, Plaintiff prays that this Honorable Court will enter judgment in Plaintiff's

favor against Defendants, jointly and severally, by awarding Plaintiff:  (1) a money judgment in

excess of twenty-five thousand dollars ($25,000.00) in an amount that the Court deems just and

proper for general and punitive damages, (2) the reasonable attorney's fees and costs incurred by

Plaintiff to prosecute the instant civil action pursuant to 42 U.S.C. § 1988(b), and (3) any and all

further relief that should be awarded by law or equity.

Respectfully submitted,

FARHAT & ASSOCIATES, PLLC


/s/ Kyle James Bristow
Kyle James Bristow (P77200)
6053 Chase Rd.
Dearborn, MI 48126
(P):  (313) 945-5100
(F):  (313) 945-5716
(E):  jbristow@saflegal.com
*Attorney for Edward Thomas Walsh*

Dated:  November 2, 2015




## JURY TRIAL DEMAND

Pursuant to MCR 2.508(B)(1), Plaintiff hereby respectfully demands a trial by jury as to all triable issues of fact in the instant civil action.

Respectfully submitted,

FARHAT & ASSOCIATES, PLLC


/s/ Kyle James Bristow
Kyle James Bristow (P77200)
6053 Chase Rd.
Dearborn, MI 48126
(P):  (313) 945-5100
(F):  (313) 945-5716
(E):  jbristow@saflegal.com
*Attorney for Edward Thomas Walsh*

Dated:  November 2, 2015

## <u>VERIFICATION</u>

I declare that the statements above are true to the best of my information, knowledge, and belief.  MCR 2.114(B)(2)(b).

Edward Thomas Walsh

Edward Thomas Walsh
*Plaintiff*

Dated:  November 2, 2015

# EXHIBIT A
# (POLICE REPORT)

FROM : EDWARD T. WALSH, P.E.          FAX NO. : 734 416 1809          Jul. 26 2014 04:07PM P2

CR No: 130001439



## CANTON PD
1150 S. CANTON CENTER RD
CANTON MI 48188
734-394-5400

### Case Report

#### Administrative Details

| | |
|---|---|
| **CR No** | **Subject** |
| 130001439 | 1311 - Agg/Fel Assault - Police Officer - Other Weapon [13002] |
| **Report Date/Time** | **Occurrence Date/Time** |
| 01/09/2013 23:10 | 01/09/2013 23:10 |
| **Location** | **Call Source** |
| 7333 IRON GATE | TELEPHONE |
| **Dispatched Offense** | **Verified Offense** |
| C3328 SUSPICIOUS PER | 1311 Agg/Fel Assault - Police Officer - Other Weapon |
| **OIC** | **OIG Contact Number** |
| Quinn, Jeremy (CAQUINNJ-03316) | |
| **County** | **City/Twp/Village** |
| 82 - Wayne | 02 - Canton Twp |
| **Division** | |
| Patrol | |

#### Action Requested

| | |
|---|---|
| [ ] Arrest warrant | [ ] Review only |
| [ ] Search warrant | [ ] Forfeiture |
| [ ] Juvenile petition | [ ] Other |

CR No: 130001439

||||||||||||||||||||||||||||||

## Offenses:

### 1313 - Assault/Battery/Simple (Incl Domestic and Police Officer)

| IBR Code / IBR Group | Offense File Class |
|---|---|
| 13B - Simple Assault / A | 13001 - NONAGGRAVATED ASSAULT |

| Crime Against | Location Type | Offense Completed |
|---|---|---|
| PE | 20 - Residence/Home | Completed |

| Domestic Violence | Hate/Bias |
|---|---|
| No | 00 - None (No Bias) |

| Using |
|---|
| A-Alcohol: No  C-Computer Equipment: No  D-Drugs/Narcotics: No |

| Weapons |
|---|
| 88 - Other |

| Criminal Activity |
|---|
| N - None/Unknown |

### 7400 - Falsely Summon Police Officer  [CANUOTTILAJ (03339)]

| IBR Group | Offense File Class |
|---|---|
| 90Z - All Other Offenses / B | 73000 - MISCELLANEOUS CRIMINAL OFFENSE |

| Crime Against | Location Type | Offense Completed |
|---|---|---|
| | 20 - Residence/Home | Completed |

| Domestic Violence | Hate/Bias |
|---|---|
| No | 00 - None (No Bias) |

| Using |
|---|
| A-Alcohol: No  C-Computer Equipment: No  D-Drugs/Narcotics: No |

## People

### WALSH, EDWARD THOMAS (S-SUSPECT)  [CANUOTTILAJ (03339)]

| Last Name | First Name | Middle Name | Suffix | Mr/Mrs/Ms |
|---|---|---|---|---|
| WALSH | EDWARD | THOMAS | | |

| Aliases | Driver License# | DL State | DL Country | Personal ID# |
|---|---|---|---|---|
| | W420189792047 | MI | | |

| DOB (Age) | Sex | Race | Ethnicity | Birth City & State | Birth Country | Country of Citizenship |
|---|---|---|---|---|---|---|
| 01/17/1954 (58) | M | WHITE | | | | |

| Street Address | Apt # | County | Country | Home Phone | Work Phone |
|---|---|---|---|---|---|
| 7333 IRON GATE DR WINDSOR PARK | | | | | |

| City | State | Zip | Cell Phone | Email |
|---|---|---|---|---|
| CANTON | MI | 48187 | | |

### JAGST, EDWARD  (V-VICTIM)  [CANUOTTILAJ (03339)]

| Victim Type | Victim of |
|---|---|
| I - Individual | 1313 - Assault/Battery/Simple (Incl Domestic and Police Officer) |

| PE: | W.Type: | Last Name | First Name | Middle Name | Suffix | Mr/Mrs/Ms |
|---|---|---|---|---|---|---|
| | | JAGST | EDWARD | | | |

| DOB (Age) | Sex | Race | Ethnicity | Birth City & State | Birth Country | Country of Citizenship |
|---|---|---|---|---|---|---|
| 40 | M | WHITE | | | | |

| City | State | Zip | Cell Phone | Email |
|---|---|---|---|---|
| | | | 7343973350 | |

| Victim Injury |
|---|
| N - None |

#### Victim Offender Relationships

| Offender | Type | Relationship |
|---|---|---|
| WALSH, EDWARD THOMAS | S-SUSPECT | 30-Victim Was Otherwise Known |

FROM :EDWARD T. WALSH, P.E.    FAX NO. :734 416 1809    Jul. 26 2014 04:08PM P4

CR No: 130001439

## NUOTTILA, JESSICA  (V-VICTIM)  [CANUOTTILAJ (03339)]

| Victim Type | Victim of | | | | Suffix | Mr/Mrs/Ms |
|---|---|---|---|---|---|---|
| I - Individual | 1313 - Assault/ Battery/Simple (Incl Domestic and Police Officer | | | | | |
| PE:   W.Type: Last Name | | First Name | Middle Name | | | |
| NUOTTILA | | JESSICA | | | | |
| DOB (Age) | Sex | Race | Ethnicity | Birth City & State | Birth Country | Country of Citizenship |
| 33 | F | WHITE | | | | |
| Street Address | | Apt # | County | Country | Home Phone | Work Phone |
| 1150 S. CANTON CENTER | | | | | | |
| City | | State | Zip | Cell Phone | Email | |
| Canton | | MI | 48188 | 7343973350 | | |
| Victim Injury | | | | | | |
| N - None | | | | | | |

### Victim Offender Relationships

| Offender | Type | Relationship |
|---|---|---|
| WALSH, EDWARD THOMAS | S-SUSPECT | 30-Victim Was Otherwise Known |

### Property

#### 3706 - Discharge Device- Taser, Etc. 5480  [CAJAGSTE (02562)]

| Property Class | IBR Type | UCR Type | | |
|---|---|---|---|---|
| 80 | 80 - Weapons Other | K - Miscellaneous | | |
| Status | | | Count | Value |
| E - Evidence (Including Other Seized Property And Tools) | | | 1 | 1 |
| Manufacturer | Model | Serial No. | License No. | Color |
| TASER | | 973148 | | |
| Description | | Disposition | Evidence Tag | |
| Empty TASER cartridge with seven AFID tags | | | 130001439.001 | |
| Recovered Date/Time | Location | Owner | | |
| | | N, | | |
| Notes | | | | |
| Discharged TASER cartridge # 973148 with seven AFID tags. | | | | |

#### 3706 - Discharge Device- Taser, Etc. 5480  [CANUOTTILAJ (03339)]

| Property Class | IBR Type | UCR Type | | |
|---|---|---|---|---|
| 80 | 80 - Weapons Other | K - Miscellaneous | | |
| Status | | | Count | Value |
| E - Evidence (Including Other Seized Property And Tools) | | | 1 | 1 |
| Manufacturer | Model | Serial No. | License No. | Color |
| taser | x26 | 04RFAC41 | | BLK - Black |
| Vehicle Year | Body Style | | State | License Year |
| Description | | Disposition | Evidence Tag | |
| DISCHARGED TASER CARTRIDGE AND 1 AFID | | TAGGED AND PLACED IN PROPERTY LOCKER | 130001439.002 | |
| Recovered Date/Time | Location | Owner | | |
| | | N, | | |
| Notes | | | | |
| DISCHARGED TASER CARTRIDGE AND 1 AFID WITH SERIEL NUMBER 04RFAC41 TAPED TO SIDE OF CARTRIDGE. | | | | |

#### 3706 - Discharge Device- Taser, Etc. 5480  [CAKOSSICKD (03471)]

| Property Class | IBR Type | UCR Type | | |
|---|---|---|---|---|
| 80 | 80 - Weapons Other | K - Miscellaneous | | |
| Status | | | Count | Value |
| E - Evidence (Including Other Seized Property And Tools) | | | 1 | 1 |

Created On 02/27/2013 04:10 PM

FROM :EDWARD T. WALSH, P.E.     FAX NO. :734 416 1809    Jul. 26 2014 04:37PM P2

CR No: 130001439

| Description | | | | Disposition | Evidence Tag |
|---|---|---|---|---|---|
| TASER CARTRIDGE | | | | | 130001439.003 |
| Recovered Date/Time | Location | | | Owner | |
| | | | | Π | |

| 1309 Recording Compact Disk CD / DVD S4... (CANUOTTILA) (03359) | | | | | |
|---|---|---|---|---|---|
| Property Class | IBR Type | | UCR Type | | |
| 27 | 27 - Recordings-Audio/Visual | | F - TV's, Radios, Stereos, Etc... | | |
| Status | | | | Count | Value |
| E - Evidence (Including Other Seized Property And Tools) | | | | 1 | 1 |
| Manufacturer | Model | Serial No. | | License No. | Color |
| STAPLES | CD-R | | | | SIL - Silver or Aluminum |
| Vehicle Year | Body Style | | State | License No. | Evidence Tag |
| Description | | | | Disposition | 130001439.004 |
| 14 PHOTOS OF WALSH AND RESIDENCE | | | | TAGGED AND PLACED IN PROPERTY ROOM | |
| | | | | Owner | |
| Recovered Date/Time | Location | | | Π | |
| Notes | | | | | |
| PHOTOS OF WALSH POST TASER AND RESIDENCE INCLUDING BROKEN GLASS HE THREW AT US. | | | | | |

CR No: 130001439.0013 Written By: CANUOTTILA A (03359) Date: 01/10/2013 12:18 AM

**Source:** Radio Run / 911 calls - Open Lines

**Information:** I, Ofc. Nuottila, along with Sgt. Wilsher, Ofc. Jagst and Ofc. Kossick, responded to Edward Walsh's residence at 7333 Iron Gate for the third time this date. The first time Ofc. Esselink and Ofc. Bialy responded to his house for a report of larceny, officers stated he was intoxicated and argumentative at that time. The second time Ofc. Esselink, Ofc. Blickensdorf and I responded for another larceny report, however Mr. Walsh refused to come to the door and turned all the lights off as we stood on the porch. The third and final time we responded because dispatch received (33) 911 calls from his residence starting at 21:58 hrs where he would talk to dispatch but not request police to 23:18 hrs. The second half of the calls, starting at 22:54 hrs, were just open lines and no one talking. As soon as dispatch would say something the caller would hang up.

    Upon arrival, we checked all windows around the residence without being able to see any movement inside. We knocked several times, rang the doorbell, and tried talking to him through the door. On two occasions while I was at the front porch I could hear a male voice but was unable to make out what he was saying. The front door was locked but a front window was unlocked. Ofc. Jagst went in through the window and unlocked the front door for the rest of us to make entry to check the well being of any occupant(s). We announced our police presence several times while coming through the front entryway and while we were in the front living area

Page 4 of 9

Created On 02/27/2013 04:10 PM

FROM :EDWARD T. WALSH, P.E.          FAX NO. :734 416 1809          Jul. 26 2014 04:09PM  P6

CR No: 130001439

looking for Walsh.. As we got to the hallway after several requests for Walsh to respond to us, he started communicating. I told him we were there to make sure he was okay after dialing 911 more than 30 times. He stated he wanted us to leave and we advised him we'd be able to do so after he showed us he was okay. This went on for about 1-2 minutes.

Walsh then came around the corner at the south end of the hallway about 15-20 feet from us at the north end. He had a tall drinking glass of a yellow liquid in his hand and first he threw the contents of the glass at us down the hall as he walked toward us. He then immediately threw the glass down the hallway while still walking toward us, it hit the closet on the north end of the hall at chest level directly between myself and Ofc. Jagst. I ordered Walsh to the ground and he did not comply. He continued walking toward us and I deployed my taser. The probes appeared to hit him in the stomach but he was not effected as he immediately began pulling out the probes. Ofc.'s Jagst and Kossick then deployed their tasers which were effective and sent Walsh to the ground. He complied with orders to put his hands on his head and he was handcuffed (bb/dl/tc). He was bleeding from the head due to his fall and CFD responded to check him out. He was transported to St. Mary's for a psychiatric evaluation and Ofc. Kossick followed.

I contacted Adult Protective services and spoke to Sandra referral number 683951 reference the unlivable conditions in his home. I observed a dead mouse, feces on the floor, old food containers, boxes and clothes stacked making rooms impassable and water on the basement floor. I downloaded 14 photos taken of Walsh and his residence to a CD and it was tagged 130001439.004 and placed in property locker. I collected AFIDS from all three of our tasers, we were able to separate the collected AFIDS, of which one belonged to my taser. My 1 AFIDS and spent cartridge were tagged as evidence 130001439.002 and placed in property locker. CPD-194 Use of Force completed.

Disposition: Open, tot DB for warrant request Assault on P.O. and Misuse of 911.

Evidence: 14 Photos tagged 130001439.004 and Taser cartridge / AFID 130001439.002

CR No: 130001439.002   Written By: CA JAGSTE (0235)   Date: 01/10/2013 02:01 AM

Supp-

Officer Nuotilla, Officer Kossick, and I, Officer Jagst, responded to a police run at 7333 Iron Gate. Upon arrival Ofc. Nuotilla informed us that she rang the door bell, and no one answered the door. We received previous runs to the home, and we were advised that Edward Walsh was intoxicated and not cooperative. We used our flashlights to look through the windows, and did not see Walsh. Walsh's white poodle was barking at the front door and would look backward toward the kitchen and hallway. I observed the residence was very cluttered. Sgt. Wilsher

Created On 02/27/2013 04:10 PM

FROM : EDWARD T. WALSH, P.E.          FAX NO. : 734 416 1809          Jul. 26 2014 04:10PM P7

CR No: 130001439

arrived on scene a short time later. Dispatched advised that the telephone line was still open from the last 911 call, and I could hear a female voice of one of our dispatchers asking for Mr. Walsh. Every window around the house was checked for any sign of Walsh, but he was unseen and not responding.

Sgt. Wilsher found a sliding window on the front (east) side of the home was unlocked. I climbed through the window and unlocked the front door so that we could search the home for any occupants and determine if anyone needed medical attention. We announced our presence multiple times with no response.

I asked Officer Nuottila to cover the opening to the kitchen so that I could proceed down the hallway. Walsh yelled to us from down the hallway, but he was still unseen. Walsh was asked to come out so that we could see him and determine that he did not need medical attention. He continued to tell us to leave, and denied that he called 911. Aprroximately one minute after Walsh yelled at us, I observed Walsh quickly come out from the east bedroom at the end of the hall and throw the contents of a glass in our direction. Walsh then threw a glass in our direction striking a wall. Officer Nuotilla gave Walsh verbal directions to stop and get on his knees, Walsh did not listen and continued to come toward us. Officer Nuotilla deployed her TASER and I could see the wires. Walsh continued coming toward us and appeared to be trying to break the TASER wires. I then put my duty pistol in the holster and transitioned to my TASER. I deployed my TASER and Walsh fell forward to the floor. Officer Nuotilla handcuffed Walsh, I kept my TASER out in case he made any further assaultive acts. While Walsh was on the floor handcuffed, he began to try to get up, I told him to stay down, and he then kicked me to the right shin area.

I observed Walsh had blood all over his face, and it appeared that he had a cut above his right eye. CFD made the scene. CFD decided to transport Walsh to St. Mary's Hospital and have hospital staff remove the TASER probes.

Officer Kossick followed CFD, with Walsh, to St. Mary's Hospital.

Sgt. Wilsher, Ofc. Nuottila and I cleared the rest of the house to make sure no one else was there that may have called 911, no one was found. The home was in complete disarray, with items all over the floor. The home did not appear liveable. I observed two light switches that were not attached to the wall and had wires showing.

Disp:

Created On 02/27/2013 04:10 PM

FROM :EDWARD T. WALSH, P.E.          FAX NO. :734 416 1809          Jun. 26 2014 04:11PM  P8

CR No: 130003439

Report written:  See Officer Nuottila's and Ofc. Kossick's reports for further.  I completed a CPD194 Use of Force form.  I left an email for Canton Ordinance Officer Turowski regarding the condition of the home and the living condition.

Evidence/ Recovered AFID tags:

Officer Nuottila recovered multiple TASER AFID tags.  Spent TASER cartridges were tagged with the the correct AFID's matching the Ofc. Nuottila, Ofc. Kossick, and my cartridges.  The cartridges and AFID's were placed into evidence.

CR No: 130003439-003   Written By: CAKOSSICKD (04471)   Date: 01/10/2013 04:31 AM

Source: Dispatched.

Information:  Ofc. Nuottila, Ofc. Jagst and I, Ofc. Kossick responded to 7333 Iron Gate on a report that the resident, Edward Walsh had called 911 numerous times and currently had an open line with him but he would not say anything.

Upon arrival we were advised by dispatch that CPD officers had contact with Walsh earlier in the evening and that he was intoxicated.  We attempted to make contact with Walsh by ringing his doorbell and knocking on the door but there was no answer.  Sgt. Wilsher arrived on scene and we continued knocking on the door and windows.  We looked into all the windows we could but did not observe anyone in the home except for a white dog.  We also observed that the house was extremely cluttered.  A short while later Sgt. Wilsher observed that the screen on one of the front windows was partially off the track.  The screen was removed and we were able to access the window which was unlocked.  The window was opened and we verbally identified ourselves to any occupants as being the Police and to come speak with us.  Ofc. Jagst was then able to climb into the window and unlock the front door at which time we gained entry into the house.  Once inside of the home we continued to give loud verbal commands with no response.  A short time later we heard a voice (Walsh) come from a back room stating to get out of his house.  We advised Walsh that we would leave once we verified that we was ok and he stated that he was and to leave, Walsh was advised that we needed to see him first.

Walsh came out of a back room with what appeared to be a drinking glass in his hand containing an unknown liquid.  The liquid appeared to have possibly been urine by the color but unknown for sure.  Walsh then proceeded to throw the liquid at us then threw the glass in our direction which shattered after hitting the wall.  Walsh then came at us in an aggressive manner at which time Ofc. Nuottila gave loud verbal commands to stop which Walsh ignored and Ofc. Nuottila

Created On 02/27/2013 04:10 PM

FROM : EDWARD T. WALSH, P.E.          FAX NO. : 734 416 1809          Ju.. 26 2014 04:11PM  P9

CR No: 130001438

then attempted to Taser Walsh but did not affect him. At this time Walsh began to come at Ofc. Jagst and I in the same aggressive manner at which time I reached over Ofc. Jagst and we both Tasered Walsh at the same time. Walsh fell to the ground causing his head to hit the ground and began to bleed from his head, we requested CFD immediately. Walsh was advised not to move which he did not and was eventually handcuffed by Ofc. Nuottila. The Taser probes were left in Walsh due to the location of the darts (neck, chin and chest.)

CFD arrived on scene and took over care of Walsh. CFD transported Walsh to St Mary's for medical attention and I followed behind CFD. Once at St Mary's I completed a petition for Walsh to be evaluated and he was relased to the St Mary's staff for treatment.

Dispo: TOT DB for charges.

Evidence: Taser cartridge along with the corresponding AFID tags was placed into evidence room mailslot.

CR No: 130001438-004   Written By: CAHARMONN (04529)   Date: 01/11/2013 03:46 AM

On 1/9/2013 I, PSSO Harmon, received or observed multiple calls on 911 lines from 734-416-1809 with an address of 7333 Irongate Dr, known to be the residence of subject Walsh/Edward/Thomas.

I first spoke to Walsh at 21:58 when he called 911 to report a possible larceny of money from the night before. Officers were dispatched to his residence but advised that he refused to answer the door. At 22:54 I received the first of 19 calls that I answered on 911 lines from that same phone number and address. Each time I answered the caller would disconnect as soon as I said anything and the caller never spoke. On some of the calls I could hear what sounded like someone moving around before the line disconnected. All attempts at call back failed as the line was busy since another 911 call from that number was already coming in.

At 23:18 I received another call from that number but did not say anything upon answering. The line was kept open and I stayed on it to report anything I heard to the officers that were en route to the location. Once the first officers arrived on scene I attempted to get the caller to answer the door. I hand an open line for a total of approximately 18 minutes during which time I heard a dog barking and the officers knocking or calling out to the subject. I could hear the officers make entry to the home due to their voices becoming clearer as they called for the subject to come out

FROM :EDWARD T. WALSH, P.E.        FAX NO. :734 416 1809        Jul. 26 2014 04:12PM  P10

CR No: 130001439

and speak with them.  After that I could heard muffled yelling and scuffling sounds before the line
disconnected.  No attempt was made to reconnect the line since officers were on scene.

CR No: 130001439-005   Written By: CAQUINNJ (03316)   ATTACHMENT ONLY REPORT - No Narrative

CR No: 130001439-006   Written By: CAHESTERN (01947)   ATTACHMENT ONLY REPORT - No Narrative

CR No: 130001439-007   Written By: CAHESTERN (01947)   ATTACHMENT ONLY REPORT - No Narrative

CR No: 130001439-008   Written By: CAGAWRONSKIL (02290)   ATTACHMENT ONLY REPORT - No

Created On 02/27/2013 04:10 PM

# EXHIBIT B
# (PHOTOGRAPHS OF TASER INJURIES)





# EXHIBIT C
# (PHOTOGRAPHS OF HEAD INJURIES)





