UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD THOMAS WALSH,

       Plaintiff,

                                 Case No. 15-cv-14071-MAG-MJH
v                                 Hon. Mark A. Goldsmith

EDWARD JAGST, in his official and
personal capacities, JESSICA NUOTTILA,
in her official and personal capacities,
CRAIG WILSHER, in his official and
personal capacities, DARREN KOSSICK,
in his official and personal capacities,

       Defendants.

| FARHAT & ASSOCIATES, PLLC | CUMMINGS, McCLOREY, DAVIS & |
|---|---|
| By:   KYLE JAMES BRISTOW (P77200) | ACHO, P.L.C. |
|        HELAL A. FARHAT (P64872) | By:   JAMES R. ACHO (P62175) |
| 6053 Chase Road | 33900 Schoolcraft Road |
| Dearborn, MI 48126 | Livonia, MI 48150 |
| (313) 945-5100 | (734) 261-2400 |
| Fax: (313) 945-5716 | Fax: (734) 261-4510 |
| jbristow@saflegal.com | jacho@cmda-law.com |
| hfarhat@saflegal.com | Attorneys for Defendants |
| Attorneys for Plaintiff | |

## DEFENDANTS' MOTION FOR LEAVE TO AMEND THE FIRST AMENDED FINAL PRETRIAL ORDER

    NOW COME Defendants Officers Edward Jagst, Jessica Nuottila, Darren

Kossick, and Sergeant Craig Wilsher by and through their attorneys, Cummings,

McClorey, Davis & Acho, P.L.C. for their Motion to Modify the Scheduling Order state as follows:

1.  On September 20, 2017 the undersigned counsel sought concurrence in the relief requested in this motion and such concurrence was denied.

2.  The undersigned counsel certifies that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10 ½ characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). The undersigned counsel also certifies that it is the appropriate length.

3.  The parties were required to file the initial joint final pretrial order by August 17, 2017.

4.  The parties timely submitted the Joint Final Pretrial Order.

5.  On September 5, 2017, the parties appeared before the Court for the final pretrial conference. The Court instructed the parties to file an Amended Final Pretrial Order by September 8, 2017.

6.  The parties timely filed the First Amended Final Pretrial Order.

7.  Eight days later, on the morning of Friday September 15, 2017, Defense counsel was contacted by Canton Township Deputy Chief Wilsher and advised that

00559398-1

2

the dispatch clerk found the 911 recordings and phone calls of the incident involving Plaintiff on January 9, 2013.

8.     The clerk had just found the recordings on September 15, 2017 and had no prior knowledge of their existence.

9.     Defense counsel immediately contacted Plaintiff's counsel to inform him of the recording and counsel scheduled September 20, 2017 to listen to the audio recording for the first time together.

10.    On September 20, 2017, Defense counsel met with Plaintiff's counsel and listened to all of the recordings.

11.    At that time, Plaintiff's counsel refused to stipulate for the admission of these audio recordings even though it is obviously relevant and it is an open line recording of the incident itself where officers are heard telling Plaintiff to comply no less than ten times.

12.    There are 38 recordings from the date in question on January 9, 2013 and officers are heard outside of Plaintiff's home asking if he was okay, and telling him that they were checking on his welfare after he repeatedly called and hung up. These recordings show that dispatch and Defendants were worried about Plaintiff's welfare.

13.    Defendants seek leave to file a Second Amended Final Pretrial Order to add the 911 audio recordings of the incident on January 9, 2013.

14.    Federal Rule of Civil Procedure 16(e) provides that "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice."

15.    The trial court has the discretion to modify the final pretrial order. ***Daniels v. Bd. of Educ. of Ravenna School District***, 805 F.2d 203, 210 (6th Cir. 1986).

16.    "Factors to consider when determining whether to modify a final pretrial order include the prejudice to each party, the impact of a modification at this stage of the litigation and "the degree of willfulness, bad faith or inexcusable neglect" on the part of the moving party." ***Meyer v. McNicholas***, No. 07-1253, 2009 WL 2524572 at *2 (S.D. Ohio Aug. 14, 2009).

17.    Defendants will be prejudiced if the newly discovered 911 recordings of the incident, which are indisputably relevant and highly probative, cannot be admitted as evidence at trial.

18.    Further, there is no evidence of willfulness, bad faith, or inexcusable neglect by Defendants.  Defendants did not become aware of this recording until September 15, 2017 approximately seven days after the Amended Joint Final Pretrial Order was submitted.

19.     Finally, there is no prejudice to Plaintiff because Plaintiff's counsel was notified of the existence of the recording immediately on September 16, 2017, over a month before the trial scheduled for October 30, 2017.

WHEREFORE, Defendants Officers Edward Jagst, Jessica Nuottila, Darren Kossick, and Sergeant Craig Wilsher respectfully request that this Court grant their motion to amend the Second Amended Final Pretrial Order to include the 911 audio recordings of the incident on January 9, 2013.

Respectfully Submitted,

/s/ James R. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
33900 Schoolcraft Road
Livonia, MI 48150
(734) 261-2400
jacho@cmda-law.com

Dated: September 21, 2017

00559398-1                                  5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD THOMAS WALSH,

       Plaintiff,

                                  Case No. 15-cv-14071-MAG-MJH

v                                  Hon. Mark A. Goldsmith

EDWARD JAGST, in his official and
personal capacities, JESSICA NUOTTILA,
in her official and personal capacities,
CRAIG WILSHER, in his official and
personal capacities, DARREN KOSSICK,
in his official and personal capacities,

       Defendants.

---

FARHAT & ASSOCIATES, PLLC

By:   KYLE JAMES BRISTOW (P77200)
       HELAL A. FARHAT (P64872)
6053 Chase Road
Dearborn, MI 48126
(313) 945-5100
Fax: (313) 945-5716
jbristow@saflegal.com
hfarhat@saflegal.com
Attorneys for Plaintiff

CUMMINGS, McCLOREY,
DAVIS & ACHO, P.L.C.

By:   JAMES R. ACHO (P62175)
     33900 Schoolcraft Road
     Livonia, MI 48150
     (734) 261-2400
     Fax: (734) 261-4510
     jacho@cmda-law.com
     Attorneys for Defendants

---

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO AMEND THE FIRST AMENDED FINAL PRETRIAL ORDER

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES…………………………………………………………iii

STATEMENT OF THE ISSUE PRESENTED……………………………………iv

MOST CONTROLLING AUTHORITY…………………………………………...v

STAEMENT OF RELEVANT FACTS…………………………………………….1

ARGUMENT………………………………………………………………………2

CONCLUSION…………………………………………………………………….3

# <u>INDEX OF AUTHORITIES</u>

Fed. R. Civ. Proc. 16(e)...................................................................2

## <u>STATEMENT OF THE ISSUE PRESENTED</u>

**I. WHETHER THIS COURT SHOULD ALLOW DEFENDANTS TO AMEND THE FIRST AMENDED FINAL PRETRIAL ORDER TO INCLUDE NEWLY DISCOVERED 911 AUDIO RECORDINGS OF THE INCIDENT?**

     **Plaintiff likely answers "no."**

     **Defendants answer "yes."**

## <u>MOST CONTROLLING AUTHORITY</u>

Fed. R. Civ. P. 16(e)...................................................................1

## STATEMENT OF RELEVANT FACTS

Trial for this case is set for October 30, 2017. The parties were to file the Joint Final Pretrial Order by August 17, 2017. The parties timely filed the Joint Final Pretrial Order. On September 5, 2017, the parties appeared before the Court for the final pretrial conference. The Court instructed the parties to file an Amended Final Pretrial Order by September 8, 2017. The parties timely filed their First Amended Final Pretrial Order.

Only seven days later on the morning of Friday September 15, 2017, Defense counsel was contacted by Canton Township Deputy Chief Wilsher and advised that the dispatch clerk found the 911 recordings of the incident involving Plaintiff on January 9, 2013. The clerk had just found the recordings on September 15, 2017 and had no prior knowledge of their existence. Defense counsel immediately contacted Plaintiff's counsel to inform him of the recording and scheduled September 20, 2017 to listen to the audio recording for the first time together.

On September 20, 2017, Defense counsel met with Plaintiff's counsel and listened to all of the recordings. At that time, Plaintiff's counsel refused to stipulate for the admission of this audio recording even though it is obviously relevant and it is an open line recording of the incident itself where officers are heard telling Plaintiff to comply no less than ten times. There are 38 recordings from the date in question on January 9, 2013 and officers are heard outside of Plaintiff's home asking

1

if he was okay, and telling him that they were checking on his welfare after he repeatedly called and hung up. These recordings show that dispatch was worried about Plaintiff's welfare. Defendants seek to file a Second Amended Final Pretrial Order to add the newly discovered 911 audio recordings of the incident on January 9, 2013 to its exhibit list.

## ARGUMENT

Federal Rule of Civil Procedure 16(e) provides that "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice." The trial court has the discretion to modify the final pretrial order. *Daniels v. Bd. of Educ. of Ravenna School District*, 805 F.2d 203, 210 (6th Cir. 1986). "Factors to consider when determining whether to modify a final pretrial order include the prejudice to each party, the impact of a modification at this stage of the litigation and the degree of willfulness, bad faith or inexcusable neglect on the part of the moving party." *Meyer v. McNicholas*, No. 07-1253, 2009 WL 2524572 at *2 (S.D. Ohio Aug. 14, 2009).

Here, this Court should allow Defendants to amend the First Amended Final Pretrial Order. Defendants will be prejudiced if the 911 recordings of the incident, which are indisputably relevant and highly probative, cannot be submitted as evidence. Further, there is no evidence of willfulness, bad faith, or inexcusable neglect by Defendants.  Defendants did not become aware of this recording until

September 15, 2017 approximately seven days after the Amended Joint Final Pretrial Order was submitted. Lastly, there is no prejudice to Plaintiff because Plaintiff's counsel was notified of the existence of the recording immediately on September 15, 2017, over a month before the trial scheduled for October 30, 2017. It amounts to manifest injustice to deny Defendants the opportunity to present such direct and indisputably relevant and probative evidence detailing the incident at issue.

## <u>CONCLUSION</u>

For the reasons set forth above, there is good cause for this Court to allow Defendants to submit a Second Amended Final Pretrial Order.

<div style="margin-left:40%">

Respectfully submitted,

/s/ James R. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
33900 Schoolcraft Road
Livonia, MI 48150
(734) 261-2400
jacho@cmda-law.com

</div>

Dated: September 21, 2017

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 21, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: **Kyle James Bristow**

and I hereby certify that I have mailed by United States Postal Service the foregoing paper to the following non-ECF participants: **N/A**

/s/James R. Acho
33900 Schoolcraft
Livonia, MI 48150
Phone: (734) 261-2400
Primary E-mail: jacho@cmda-law.com
P 62175